IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:17-CV-23-FL

| | |
|---|---|
| MARILYNN M. McRAE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DONNIE HARRISON, )<br>)<br>Defendant.[1] ) | ORDER |

This matter is before the court on plaintiff's motion for relief from a final judgment, order, or proceeding, pursuant to Federal Rule of Civil Procedure 60(b) (DE 103). For the reasons stated below, the motion is denied.

Plaintiff, proceeding pro se, commenced this action by filing motion for leave to proceed in forma pauperis and proposed complaint on January 13, 2017, asserting claims for violations of her civil rights under the Americans with Disabilities Act. On January 28, 2020, the court granted defendant's motion for summary judgment and thereby denied relief on plaintiff's complaint. Plaintiff appealed and the United States Court of Appeals for the Fourth Circuit affirmed the court's judgment.

Plaintiff filed the instant motion for relief from the judgment, pursuant to Rules 60(b)(3) and (6), on May 23, 2022. According to plaintiff, defendant's motion for summary judgment included evidentiary materials that were fraudulent and misrepresented material factual issues

---

[1] The court dismissed formerly named defendants Samuel B. Higdon and Gene D. Butler by separate order entered November 7, 2017.

related to plaintiff's claims. In support, plaintiff relies on discovery records from the instant litigation, her employment records, various documents and correspondence from the Wake County Sheriff's Office, and correspondence between plaintiff and the Raleigh Police Department.

Rule 60(b) allows the court to "relieve a party . . . from a final judgment, order or proceeding" on specified grounds. Fed. R. Civ. P. 60(b). "To prevail, a party must [make a threshold showing demonstrating]: (1) timeliness, (2) a meritorious defense, (3) a lack of unfair prejudice to the opposing party, and (4) exceptional circumstances." See Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC, 859 F.3d 295, 299 (4th Cir. 2017). If the moving party makes this threshold showing, the party must demonstrate the judgment should be vacated based on one of the following grounds:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial;
>
> (3) fraud . . . misrepresentation, or misconduct by an opposing party;
>
> (4) the judgement is void;
>
> 5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> 6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Beginning with the threshold requirements, plaintiff fails to establish that she has a meritorious defense to the final judgment, a lack of unfair prejudice to the moving party, or that exceptional circumstances justify revisiting the judgment. Indeed, she fails to address any of the threshold requirements for relief under Rule 60(b).

2

Even assuming that plaintiff established the threshold requirements, she does not have a meritorious claim under Rule 60(b)(3). To prevail on a Rule 60(b)(3) motion, plaintiff must establish: 1) the defendant's fraudulent or other misconduct by clear and convincing evidence; and 2) "the misconduct prevented the moving party from fully presenting its case." Schultz v. Butcher, 24 F.3d 626, 639 (1994).

Here, defendant filed the allegedly fraudulent documents in connection with his April 15, 2019, motion for summary judgment. (See Pl's Mot. (DE 103) at 1–2). The documents were filed on the court's public docket and served on plaintiff that same day. (See DE 68 at 12 (certificate of service)). Plaintiff therefore could have identified the alleged fraud and brought it to the court's attention before entry of final judgment in defendant's favor. Where the documents were available to plaintiff prior to entry of judgment, the alleged misconduct did not prevent her from fully presenting her case. See Schultz, 24 F.3d at 630–31. Accordingly, plaintiff is not entitled to relief from the judgment under Rule 60(b)(3).

Turning to Rule 60(b)(6), plaintiff cannot pursue relief under this subsection when her claim falls squarely within subsection (b)(3). See Aikens v. Ingram, 652 F.3d 496, 500 (4th Cir. 2011) (explaining movant cannot rely on subsection (b)(6) if the claim falls "within the list of enumerated reasons given in Rule 60(b)(1)–(5)"). Furthermore, relief under Rule 60(b)(6) is unavailable where, as here, the claim could have been asserted on direct appeal. Id. at 501.

Based on the foregoing, plaintiff's motion for relief from the final judgment (DE 103) is DENIED.

SO ORDERED, this the 15th day of June, 2022.

_____
LOUISE W. FLANAGAN
United States District Judge

4