IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:17-CV-23-FL

| | |
|---|---|
| MARILYNN M. MCRAE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DONNIE HARRISON Sheriff, SAMUEL )<br>B. HIGDON, and GENE D. BUTLER )<br>Director, )<br>)<br>Defendants. ) | ORDER |

This matter is before the court on plaintiff's motions for relief from final judgment and for correction of the docket, pursuant to Federal Rules of Civil Procedure 60(b) and 79, (DE 106, 107) as well as plaintiff's motion for recusal. (DE 110).

The court begins with plaintiff's motion for recusal. Title 28 U.S.C. § 455(a) provides that all "judge[s] of the United States" have a duty to "disqualify [themselves] in any proceeding in which [their] impartiality might reasonably be questioned." Federal judges also should disqualify themselves if they have "a personal bias or prejudice concerning a party . . . ." 28 U.S.C. § 455(b)(1). Instead, to be disqualifying, bias or prejudice "must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." Shaw v. Martin, 733 F.2d 304, 308 (4th Cir. 1984).

Plaintiff suggests that recusal is warranted based on the court's ruling on plaintiff's previous motion under Rule 60(b), and because the undersigned judge "worked closely with" the judge previously assigned to this case, who has retired. (DE 110 at 3). However, "judicial

rulings alone almost never constitute a valid basis for a bias or partiality motion," Liteky v. United States, 510 U.S. 540, 555 (1994), and plaintiff does not provide a basis for departing from this rule in this case. Further, a judge's working relationship with other judges of the court does not present grounds for "personal bias or prejudice concerning a party . . . ." 28 U.S.C. § 455(b)(1); see Shaw, 733 F.2d at 308. Therefore, plaintiff's motion for recusal is DENIED.

Turning to plaintiff's motions pursuant to Rule 60(b) and 73, plaintiff fails to establish that she has a meritorious defense to the final judgment entered January 28, 2020; a lack of unfair prejudice to the non-moving party; or that exceptional circumstances justify revisiting the judgment. Accordingly, plaintiff has not met the threshold requirements for relief under Rule 60(b). See Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC, 859 F.3d 295, 299 (4th Cir. 2017). In addition, Rule 73 does not provide a basis for the court to correct or revise docket entries upon plaintiff's request in the manner plaintiff seeks. Therefore, plaintiff's motions under Rule 60(b) and 73 are DENIED.

SO ORDERED, this the 30th day of March, 2023.

_____
LOUISE W. FLANAGAN
United States District Judge